UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| NORMA DAYANA PEREZ,<br>        Plaintiff,<br>   v.<br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>        Defendant. | Case No. CV 08-6860 (SH)<br><br>MEMORANDUM DECISION<br>AND ORDER |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Disability Insurance Benefits under Sections 216(i) and 223 of the Social Security Act. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings (Defendant's Answer; Plaintiff's Brief in Support of Complaint ["Plaintiff's Brief"]; Defendant's Brief in Support of Answer; Plaintiff's Reply to Defendant's Brief in Support of Answer ["Plaintiff's Reply"]), and the defendant has filed the certified transcript of record. After reviewing the matter, the

Court concludes that the decision of the Commissioner should be remanded.

On June 14, 2006, plaintiff Norma Dayana Perez filed an application for a period of disability or Disability Insurance Benefits, alleging an inability to work since October 28, 2002 due to pain in her lower back, right arm, right leg and neck. (Administrative Record ["AR"] 74-78, 85, 99). On January 15, 2008 (incorrectly dated January 15, 2007), an Administrative Law Judge ("ALJ"), who found that plaintiff had two severe impairments -- a lumbar spine condition and a cervical spine condition -- determined that plaintiff was not disabled within the meaning of the Social Security Act. (AR 20-25).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (AR 1-3), plaintiff filed an action in this Court.

Plaintiff makes two challenges to the ALJ's Decision denying benefits. Plaintiff alleges that the ALJ erred (1) in failing to properly assess plaintiff's residual functional capacity; and (2) failing to state specific, clear and convincing reasons for finding plaintiff's testimony not credible.

Plaintiff also contends that the case should be remanded for consideration of new evidence: (1) a June 27, 2008 report from Dr. Rafael Quinonez, a neurosurgeon, stating that following a lumbar spine MRI on March 7, 2008, plaintiff was examined on March 14, 2007, and per Dr. Quinonez's recommendation, a discectomy was performed on plaintiff's lumbar spine [L4-L5 and L5-S1] on June 27, 2008 (see Plaintiff's Brief, Exhibit A); and (2) a February 2, 2009 Physical Residual Functional Capacity Questionnaire, wherein Doctor Quinonez stated that plaintiff had the following residual functional capacity: lifting/carrying less than 10 pounds frequently, 10 pounds occasionally, and more than 20 pounds never; standing/walking at least 2 hours in an 8-hour weekday; sitting less than 6 hours in an 8-hour weekday; pushing/pulling were affected; never bending, climbing, crouching, balancing, kneeling, or crawling; and reaching occasionally (see Plaintiff's Brief, Exhibit B). (See Plaintiff's Brief at 6-7; Plaintiff's Reply at 2-3).

The Court may order a case remanded to the Commissioner for further consideration "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); Allen v. Secretary of Health & Human Servs., 726 F.2d 1470, 1473 (9th Cir. 1984).

To be material, the new evidence must bear directly and substantially on the matter in issue and there must be a real possibility that the new evidence would have changed the outcome if it been before the Commissioner. Cotton v. Bowen, 799 F.2d 1403, 1409 (9th Cir. 1986). "At a minimum, such evidence must be probative of mental or physical impairment." Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985). Evidence is new and material only where it relates to the period on or before the date of the ALJ's decision. See 20 C.F.R. § 404.970. However, "reports containing observations made after the period of disability are relevant to assess the [plaintiff's] disability. It is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis." Smith v. Bowen, 849 F.2d 1222, 1225 (9th Cir. 1988); Kemp v. Weinberger, 522 F.2d 967, 969 (9th Cir. 1975).

The good cause requirement is satisfied if new information surfaces after the Commissioner's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding. Key v. Heckler, supra. Remand is proper where additional administrative proceedings could remedy the defects. Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Here, the new evidence submitted by plaintiff bears directly on the severity of plaintiff's impairment, and there is a real possibility that such evidence would have changed the ALJ's decision. Further, since such evidence was not available prior to the date of the ALJ's decision, there is good cause for plaintiff's failure to incorporate it into the record in the prior proceeding.

## **ORDER**

For the foregoing reasons, the decision of the Commissioner is remanded pursuant to Sentence 6 of 42 U.S.C. § 405(g).

DATED: December 9, 2009

/ s /

_____

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE